```
 1  TERRY A. DAKE, LTD.
    11811 North Tatum Boulevard
 2  Suite 3031
    Phoenix, Arizona  85028-1621
 3  Telephone: (480) 368-5199
    Facsimile: (480) 368-5198
 4  tdake@cox.net

 5  Terry A. Dake - 009656

 6  Attorney for Trustee
```

                    IN THE UNITED STATES BANKRUPTCY COURT

                         FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| SUSAN MARIA CABRAL; | ) | Case No. 2:09-BK-23136-SSC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRIAN J. MULLEN, | ) | |
|      TRUSTEE, | ) | **Adversary No. 2:10-AP-1049** |
| | ) | |
|           Plaintiff, | ) | |
| | ) | **C O M P L A I N T** |
| v. | ) | |
| | ) | |
| SUSAN MARIA CABRAL, | ) | |
| LIANA HURLEY BLAIR | ) | |
|  aka Liana H. Blair | ) | |
|  aka Liana M. Blair, | ) | |
| | ) | |
|           Defendants. | ) | |
| _____ | ) | |

Brian J. Mullen, ("Mullen"), as trustee of the bankruptcy estate of Susan Maria Cabral, for his Complaint, says as follows:

1.  Mullen is the duly appointed trustee of the bankruptcy estate of Susan Maria Cabral, Bankruptcy Case No. 2:09-BK-23136-SSC.

2.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(b)(2).  This is a core proceeding.

3.  Susan Maria Cabral ("Cabral") is the debtor in this bankruptcy case.

1       4.   Liana Hurley Blair aka Liana H. Blair aka Liana M. Blair ("Blair") is Cabral's sister. Blair is an insider as that term is defined in 11 U.S.C. §101(31).

      5.   This case was filed as a voluntary Chapter 7 proceeding on September 17, 2009.

      6.   On her Schedule B, at Item 2, Cabral disclosed three checking, savings or other financial accounts: a Bank of America checking and savings and an Avida checking.

      7.   In her Statement of Financial Affairs, at Item 11, Cabral reported that she had no financial accounts that were closed during the one year immediately preceding the commencement of the case.

      8.   At the time that this case was filed, Cabral actually had the following open financial accounts:

| Bank | Redacted Account Number |
|---|---|
| Avidia Checking | xxx1408 |
| Bank of America Checking | xxx1930 |
| Bank of America Savings | xxx7966 |
| Digital Federal Credit Union | xxx8501-S1 |
| Digital Federal Credit Union | xxx8501-S3 |
| WellsTrade Brokerage | xxx4468 |

      9.   During the one year immediately preceding the commencement of the case, Cabral closed the following financial accounts:

| Bank | Redacted Account Number |
|---|---|
| Bank of America Money Mkt Savings | xxx7481 |
| Wells Fargo Prime Checking | xxx3831 |
| Wells Fargo Market Savings | xxx5088 |
| Wells Fargo Prime Checking | xxx0500 |

| | |
|---|---|
| Wells Fargo Performance Savings | xxx9554 |
| Morgan Stanley Active Assets | xxx5115 |

10. Although Cabral now disputes her ownership of the account at Digital Federal Credit Union ("DFCU"), in a mortgage loan application signed by Cabral on March 29, 2009, less than 6 months before this bankruptcy case was filed, Cabral represented to Countrywide Bank that the account at DFCU, which then had a balance of $101,215.66, was Cabral's account. If in fact Cabral does not own the DFCU account, then Cabral has made a false statement to a federally insured financial institution.

11. When the trustee conducted Cabral's Rule 2004 examination on May 21, 2010, Cabral invoked her 5th Amendment privilege against self-incrimination and refused to answer questions about the DFCU account.

12. Cabral reported no transfers of money or property during the two years preceding the commencement of the case at Item 10 of her Statement Of Financial Affairs.

13. On April 25, 2009, Cabral transferred $7,000.00 to Blair from Cabral's account at Avidia Bank.[1]

14. On March 19, 2009, Cabral transferred $83,962.46 for the purchase of a house in Fountain Hills, AZ.

15. Beginning in May of 2009, Cabral withdrew thousands of dollars in cash from her Wells Fargo accounts. At her Rule 2004 examination, Cabral testified that she used that money to pay cash to

---

[1] Avidia Bank was formerly known as Hudson Savings Bank. Cabral's check no. 7331 to Blair is a check printed with the Hudson Savings Bank logo.

3

contractors who worked on the Fountain Hills house she has just purchased, or to travel across the country.

16. On April 17, 2009, Cabral's accounts at DFCU had a balance of $101,263.65.

17. On April 30, 2009, $101,258.65 was transferred from Cabral's account at DFCU account to a new account at DFCU in the name of Blair, account no. xxx6563.

18. The signature card for DFCU account no. xxx6563 says that Blair is holding the funds in the account in trust for the benefit of Cabral.

19. Blair contends that the money in the DFCU account is being held in trust by Cabral as a trustee for Blair's children.

20. At Item 14 of her Statement of Financial Affairs, Cabral reported that she did not hold or control any property owned by another person. If what Blair now contends is true, then Cabral's response to Item 14 is false.

21. Cabral reported $828.00 of interest income from DFCU on her 2008 federal income tax return. If in fact the money in the DFCU account did not belong to Cabral, then there is no reason for Cabral to report the interest income on her personal tax return. As of this date, Cabral has not provided to the trustee copies of her 2009 state and federal income tax returns.

22. Money has been removed from the DFCU account in Blair's name after the bankruptcy case has been filed. At this time, trustee does not know who withdrew the money or what has been done with it.

23. Cabral's conduct is knowing, wilful and fraudulent and is intended to hinder, delay and defraud creditors and the trustee.

24. Pursuant to 11 U.S.C. 11 U.S.C. §727(a)(2)(A) and (B), (a)(3), (a)(4)(A), (a)(4)(D) and (a)(6), the Court shall deny the discharge of Cabral.

25. The transfers made to Blair were intended to hinder, delay and defraud creditors and are avoidable by the trustee pursuant to 11 U.S.C. §548(a)(1)(A) and/or 11 U.S.C. §544(b) and A.R.S. §44-1001 et seq.

26. The money in the DFCU account is property of the bankruptcy estate and Blair and Cabral are jointly and severally liable to the trustee for the turnover of those funds pursuant to 11 U.S.C. §541, 11 U.S.C. §521 and 11 U.S.C. §542.

27. Blair and Cabral's exercise of dominion and control over the money in the DFCU account is a wilful violation of the automatic stay of 11 U.S.C. §362. Pursuant to 11 U.S.C. §362(k) and 11 U.S.C. §105, Blair and Cabral are jointly and severally liable for all actual damages sustained by the bankruptcy estate, including costs and attorneys' fees, along with punitive damages.

28. Cabral's exempt assets must be surcharged to make the estate whole. <u>Latman v. Burdette</u>, 366 F.3d 774 (9th Cir. 2004).

**WHEREFORE,** the trustee prays:

A. For the entry of an order denying the discharge of Cabral pursuant to 11 U.S.C. §727(a)(2)(A) and (B), (a)(3), (a)(4)(A), (a)(4)(D) and (a)(6).

B. For a judgment against Blair for an amount not less than $101,258.65 pursuant to 11 U.S.C. §548(a)(1)(A) and/or 11 U.S.C. §544(b) and A.R.S. §44-1001 et seq. and 11 U.S.C. §551.

C. For a judgment against Blair and Cabral, jointly and severally, for an amount not less than $101,258.65 pursuant to 11 U.S.C. §541, 11 U.S.C. §521, 11 U.S.C. §542, 11 U.S.C. §362(k) and 11 U.S.C. §105, along with actual attorneys' fees and costs incurred, along with punitive damages of not less than $500,000.00.

D. For an award interest on all amounts at the federal district court judgment rate from April 30, 2009 to the date of payment in full.

E. For the entry of an order authoring the trustee to take possession of and sell Cabral's otherwise exempt assets to the extent necessary to pay all amounts awarded to the trustee.

DATED June 9, 2010.

***TERRY A. DAKE, LTD.***

By  /s/ TD009656
    Terry A. Dake – 009656
    11811 North Tatum Boulevard
    Suite 3031
    Phoenix, Arizona 85028-1621
    Attorney for Trustee